UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21461-CV-KING

LORENA BELTRAN-MOYA,

    Plaintiff,

v.

HI-TECH AUTOBODY, INC. and
FRANK RONQUILLO,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL

THIS CAUSE comes before the Court upon Defendants' Motion for Entry of Final Judgment (DE # 62), filed June 30, 2009. Plaintiff filed a Response in Opposition to Defendants' Motion for Entry of Judgment and an Alternative Motion for New Trial (DE # 69) on June 14, 2010.[1]

This matter arises under the Fair Labor Standards Act ("FLSA"). Plaintiff, employed as a secretary/receptionist at Defendant Hi-Tech Autobody, Inc., filed a Complaint (DE # 1) on May 29, 2009 alleging that she regularly worked in excess of forty hours per week, but was not paid for those hours. On May 13, 2010, the Court conducted a two-day jury trial on Plaintiff's claim for overtime wages. Upon the conclusion of the trial and deliberation of the jury, the jury returned its verdict. The Jury answered the verdict form as follows:

---

[1] Defendants Replied (DE # 71) to their Motion for Final Judgment on June 21, 2010. Plaintiff's Motion for a New Trial was re-filed as an Alternative Motion for New Trial (DE # 73). Defendants filed a Response in Opposition to Plaintiff's Motion for New Trial (DE # 77) on July 1, 2010 and Plaintiff filed a Reply (DE # 79) on July 12, 2010. On July 19, 2010, Defendants filed a Motion for Leave to File a Sur-Reply (DE # 80), Plaintiff filed a Response in Opposition (DE # 81) on July 22, 2010 and on July 26, 2010 Defendants Replied (DE # 82).

> 1. Do you find from a preponderance of the evidence that the Plaintiff worked more than Forty (40) hours in any single work week during the limitations period for HI TECH AUTOBODY, INC.?
> **YES**
>
> If you answered "No" to this question, then your verdict is for the Defendants and you should sign and date this verdict form and return it to the bailiff.
>
> If you answered "Yes" to this question, then you must next proceed to question # 2.
>
> 2. Do you find from a preponderance of the evidence that the Plaintiff is owed overtime wages for any work week in which she worked more than Forty (40) hours in a week during the limitations period while employed by HI TECH AUTOBODY INC.?
> **NO**
>
> If you answered "No" to this question, your verdict is for the Defendants and you should sign and date this verdict form and return it to the bailiff.
>
> If you answered "Yes" to this question, you must proceed to question # 3.

(Jury Verdict Form, DE # 61.)

In this Motion, Defendants contend that since the jury answered "no" to the second question and did not find that the Plaintiff was owed any overtime wages, the Court should enter final judgment on the Defendants' behalf. Plaintiff responds that these verdicts are inconsistent and asks the Court to either enter judgment for Plaintiff or grant a new trial on the issue of damages alone.

A verdict contains an inconsistency if the verdict does not represent a logical decision on the issues as submitted to the jury. *Wilbur v. Youth Services, Int'l, Inc.*, 393 F.3d 1192, 1200 (11th Cir. 2004) (citing *Aquachem Co. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir. 1983)). To determine if a verdict is inconsistent, the court considers the case-pleadings, evidence, argument,

jury instructions, and the jury's answers themselves. *Id.* (citing *Royal Cup, Inc. v. Jenkins Coffee Serv., Inc.*, 898 F.2d 1514, 1521 (11th Cir. 1190). The court must "make all reasonable efforts to reconcile the [inconsistency]." *Id.* (citing *Boczar v. Manatee Hosps. & Health Sys., Inc.*, 993 F.2d 1514, 1516 n5 (11th Cir. 1993) (quoting *Burger King v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983)). In other words, "if there is a view of the case which makes the jury's answers consistent, the court must adopt that view and enter judgment accordingly." *Id.* (quoting *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)). The court, however, cannot "strain to reconcile an inconsistency when it is not reasonable to do so." *Id.* (citing *Burger King*, 710 F.2d at 1489).

After a careful review of the pleadings, the evidence, the arguments made at trial, the jury instructions, and the jury's answers on the special verdict, the Court finds that the jury verdict is consistent. The jury found that Plaintiff worked overtime, but based on the evidence presented at trial, Plaintiff failed to carry her burden of proving any damages. The testimony of Mrs. Ronquillo and the Plaintiff, Mrs. Beltran Moya, was not in conflict in that although Plaintiff had worked some days overtime, she had been given time to go to the doctor for medical appointments during her pregnancy, time to go home to care for her child during work hours and paid in excess of her normal due amounts. The two women testified to a friendly cooperative relationship where the two cooperated completely to help each other "get the work done and help each other during their mutual pregnancies." Both were honest, believable, likeable witnesses. The verdict reflects this belief by finding Plaintiff did work overtime but had been compensated with kindness and fairly treated by her employer. The jury obviously believed the testimony of both parties and came to a good, Solomonesque decision. The jury found that Plaintiff had failed to satisfy her burden of proof on damages and was not owed any overtime.

This finding is not inconsistent; rather, it is a verdict for the Defendants. Answering "yes" to Question # 1 does not indicate a verdict for the Plaintiff, it simply refers the jury to Question #2. However, answering "no" to Question # 2 *does indicate* a verdict for the Defendants. The jury form explicitly states that "if you answered 'No' to this question, your verdict is for the Defendants." The jury's answers therefore are not inconsistent.

Finally, the jury questions, drafted by Plaintiff, explicitly allowed for this outcome. After the jury made a determination that Plaintiff worked more than 40 hours in a single work week, the jury was not asked to determine how much was owed to Plaintiff for this work; rather, the jury was then asked whether Plaintiff was entitled to damages at all. Plaintiff therefore understood that a jury could reach this verdict; answer "yes" to Question # 1 and "no" to Question # 2. It belies logic for Plaintiff to include a question and then assert that the only acceptable answer to that question is "yes." Thus, the Court finds the jury's verdict logical and not inconsistent.

Accordingly, the Court having carefully considered the parties' motions and legal authorities and being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants' Motion for Entry of Final Judgment (**DE # 62**) be, and the same is hereby, **GRANTED** by separate Order.

2. Plaintiff's Alternative Motion for New Trial (**DE # 73**) be, and the same is hereby, **DENIED**.

DONE AND ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 29th day of July, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

Cc:
*Attorneys for Plaintiffs*:
Keith Michael Stern, Esq.
Shavitz Law Group
1515 S Federal Highway
Suite 404
Boca Raton, FL 33432
561-447-8888

Michael Lawrence Scheve, Esq.
Shavitz Law Group
1515 S Federal Highway
Suite 404
Boca Raton, FL 33432

*Attorneys for Defendants:*
Chris Kleppin, Esq.
Glasser Boreth & Kleppin
8751 West Broward Boulevard
Suite 105
Plantation, FL 33324
954-424-1933

Barry G. Feingold, Esq.
8751 W. Broward Boulevard
Plantation, FL 33324
954-424-1933

Kristopher Walter Zinchiak, Esq.
Glasser, Boreth, & Kleppin
8751 W. Broward Blvd. Suite 105
Plantation, FL 33324